```
CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
     Attorney for Defendants Trooper James Porch and the State of
     New Jersey

By:  Kevin J. Dronson
     Deputy Attorney General
     (609) 633-8687
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF NEWARK

| | |
|---|---|
| THOMAS ROGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY, et al.<br><br>    Defendants. | CIVIL ACTION NO. 16-cv-08870 (JMV-JBC)<br><br>**DEFENDANTS, THE STATE OF NEW JERSEY AND TROOPER JAMES PORCH'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)** |

### PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, a self-described "American State National", has brought this action in apparent connection with a November 26, 2016 motor vehicle stop conducted by Defendant Trooper James Porch of the New Jersey State Police. From what can be gleaned from Plaintiff's one-page Complaint, this matter essentially relates to the issuance of three traffic citations and the impoundment of Plaintiff's vehicle. As to the specifics of Plaintiff's nebulous claims, Plaintiff contends that the traffic citations issued by

Defendant Porch represent "false claims" that have harmed his "good name, freedom, and property," while the impoundment of his vehicle constitutes "theft".

Plaintiff initiated this action on November 28, 2016, and service of process was effectuated on Defendants on December 15, 2016. On January 10, 2017, Defendants filed a Motion for an Extension of Time to File their Answer, with said motion being granted on January 11, 2017. Defendants, the State of New Jersey and Trooper James Porch, now move to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff has failed to provide any specific factual allegations as to either the Defendants or the circumstances of the alleged incident precipitating this action. Additionally, the specific claims raised by Plaintiff, false claims and theft, are not causes of action recognized by this Court.

## STANDARD OF REVIEW

There are two working principles underlying the motion to dismiss standard. First, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Rather, to be "entitled to the assumption of truth," legal conclusions "must be supported by factual allegations." Id. at 1950. Second, "only a complaint that states a plausible claim

for relief survives a motion to dismiss." Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Determining whether a claim for relief is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, supra, 129 S. Ct. at 1950. A claim is plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

This standard is not a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." Ibid. In other words, a complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to relief. Ibid. When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." Ibid. (citing Fed. R. Civ. P. 8(a)(2)) (quotations omitted)(brackets omitted).

**ARGUMENT**

**POINT I**

**DEFENDANTS ARE ENTITLED TO DISMISSAL AS PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS**

As noted above, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim. Iqbal, 129 S.Ct. at 1949 (2009). Indeed, in order to state a claim for relief, there must be sufficient factual matter pled so as to permit a reasonable inference of liability. Id. Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In the instant matter, Plaintiff has failed to provide any specific allegations regarding the genesis of his claims, and omits from his Complaint any elaboration or context regarding the alleged incident from which this matter arises. Similarly, Plaintiff's Complaint does not allege any facts as to the purported actions and/or inactions of Defendant Porch, and does not appear to contain **any** claims against the State of New Jersey. Instead, Plaintiff merely states that beginning on November 26, 2016, "the said wrongdoers made false claims (COMPLAINT NO.: 1026 E16 616; 1026 E16 617; 1026 E16 618) against [him] and took [his] property (2004 Chevrolet Malibu..." Plaintiff's puzzling Complaint further indicates that "the causal agent comes by bills of attainder and theft of property," and that the "false claims" effectively harmed

his "good name, freedom, and property." These allegations simply do not allow the Court to draw a reasonable inference as to the Defendants' liability in this matter.

Additionally, Plaintiff's Complaint fails to even set forth a cognizable cause of action, and merely makes vague references to "theft" and "false claims", rendering the nature of his claims entirely indiscernible. Clearly, this manner of pleading falls well-short of the standard established under Iqbal and Twombly, and prevents Defendants from formulating any meaningful response to Plaintiff's assertions. Given this lack of well-pled facts or recognizable causes of action, Plaintiff's Complaint must be dismissed.

## CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), should be granted.

Respectfully submitted,

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY

By: /s/ Kevin J. Dronson
Kevin J. Dronson
Deputy Attorney General

DATED: January 18, 2017