

**i, a man, a Creation of God**
Thomas F. Rogers
77 Sanders Road, Rockaway, new jersey state
(862) 209-1350
TFRogersLaw@gmail.com

June 29, 2017

William T. Walsh
Court Clerk
Federal District Court
District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ  07101


**RE: Case#: 2:16-cv-08870-JMV-JBC**

Greetings William,

I require at this time that the included documents be filed into
my case.



Godspeed,

Thomas Frederick: Rogers



**i, a man, a Creation of God**
Thomas F. Rogers
77 Sanders Road, Rockaway, new jersey state
(862) 209-1350
TFRogersLaw@gmail.com

June 29, 2017

William T. Walsh
Court Clerk
Federal District Court
District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street Room 4015
Newark, NJ  07101

**RE: Case#: 2:16-cv-08870-JMV-JBC**

Greetings William,

I require at this time that you correct the stylization of my
name and the names of the 'wrongdoers' listed on my court case
and on Pacer to the upper and lower case style indicating a
living man.

Godspeed,

Thomas Frederich: Rogers

**'Federal Court'**
**at**
**'District Court of the united States**
**for New Jersey'**

i, a man;
*prosecutor*
_____

State of New Jersey; Man with NJ State Trooper
ID 7789
*Wrongdoer(s)*

2:16-cv-08870-JMV-JBC

Notice: lack of in personam jurisdiction

**(verified)**

## notice:  lack of in personam jurisdiction

The *Rogers Court* presents notice:

It is an uncontested fact that the arresting officer, James Porch ("Trooper Porch"), conducted no investigation into discovering any facts or evidence that would prove i, a man, was engaged in "transportation" at any time prior to or during the alleged regulatory offense.

It is an uncontested fact that Trooper Porch's entire basis for making such an allegation is based entirely upon his/her own unsubstantiated personal presumptions of law rather than actual facts or evidence.

It is an uncontested fact that Trooper Porch has no lawful authority to seize and arrest i, a man, without warrant for an alleged "transportation" offense if the officer lacked any articulable facts and evidence supporting probable cause to believe that i, a man, was actively engaged in "transportation."

It is an uncontested fact that, absent any facts and evidence that i, a man, was engaging in "transportation," Trooper Porch lacked not only articulable probable cause to make a warrantless seizure and arrest of i, a man, but also any and all in personam jurisdiction over i, man, relating to enforcement of regulatory statutes relevant to same.

It is an uncontested fact that, if Trooper Porch never believed that i, a man, was actively engaged in "transportation" at the time of the alleged offense, thus Trooper Porch never intended to perform any investigation that would result in the discovery of any admissible facts and evidence that would prove i, a man, was so engaged, then it cannot be rightfully said that Trooper Porch was acting on any specific articulable facts or evidence supporting probable cause, but was acting instead upon an entirely unlawful and unsubstantiated legal presumption that the existing facts and evidence did not support.

It is an uncontested fact that, given the current state of tensions in this nation and this state relating to law enforcement officers brutally assaulting, injuring, and murdering individuals that are doing nothing more than asserting and exercising their fundamental and constitutionally protected rights to not be subjected to false arrests, abuses of police power, and injurious physical assaults, and death at the hands of out-of-control law enforcement personnel, Trooper Porch's demonstrably faulty and unsubstantiated legal presumption and callous disregard of the facts and the law created an unacceptable level of danger to the life, person, rights and property of Respondent as well as that of the general public to a degree that is shocking to the conscience.

As Trooper Porch lacked any actual articulable facts and evidence that i, a man was actually engaged in "transportation" at the time of the warrantless seizure and arrest of i, a man, and never made any attempt whatsoever to investigate into this necessary and mandatory element of in personam jurisdiction relating to the alleged offense, there was no legal basis creating a foundation for articulable probable cause that would serve to support Trooper Porch's warrantless seizure and arrest. Therefore, the warrantless seizure and arrest of i, a man, by Trooper Porch was completely unlawful and illegal and was not based upon any probable cause supporting in peronsam jurisdiction.

I, say hear, and will verify in open Court that all herein be true.

Thomas Frederick : Rogan
June 29, 2017

**'Federal Court'**
**at**
**'District Court of the united States**
**for New Jersey'**

**i, a man;**
*prosecutor*

State of New Jersey; Man with NJ State Trooper
ID 7789
*Wrongdoer(s)*

2:16-cv-08870-JMV-JBC

Notice: lack of subject matter jurisdiction

**(verified)**

## notice:  lack of subject matter jurisdiction

The *Rogers Court* presents notice:

It is an uncontested fact that the arresting officer, James Porch ("Trooper Porch"), conducted no investigation into discovering any facts or evidence that would prove i, a man, was engaged in "transportation" at any time prior to or during the alleged regulatory offense.

It is an uncontested fact that Trooper Porch's entire basis for making such an allegation is based entirely upon his/her own unsubstantiated personal presumptions of law rather than actual facts or evidence.

It is an uncontested fact that Trooper Porch has no lawful authority to seize and arrest i, a man, without warrant for an alleged "transportation" offense if the officer lacked any articulable facts and evidence supporting probable cause to believe that i, a man, was actively engaged in "transportation."

It is an uncontested fact that, absent any facts and evidence that i, a man, was engaging in "transportation," Trooper Porch lacked not only articulable probable cause to make a warrantless seizure and arrest of i, a man, but also any and all subject matter jurisdiction over i, man, relating to enforcement of regulatory statutes relevant to same.

It is an uncontested fact that, if Trooper Porch never believed that i, a man, was actively engaged in "transportation" at the time of the alleged offense, thus Trooper Porch never intended to perform any investigation that would result in the discovery of any admissible facts and evidence that would prove i, a man, was so engaged, then it cannot be rightfully said that Trooper Porch was acting on any specific articulable facts or evidence supporting probable cause, but was acting instead upon an entirely unlawful and unsubstantiated legal presumption that the existing facts and evidence did not support.

It is an uncontested fact that, given the current state of tensions in this nation and this state relating to law enforcement officers brutally assaulting, injuring, and murdering individuals that are doing nothing more than asserting and exercising their fundamental and constitutionally protected rights to not be subjected to false arrests, abuses of police power, and injurious physical assaults, and death at the hands of out-of-control law enforcement personnel, Trooper Porch's demonstrably faulty and unsubstantiated legal presumption and callous disregard of the facts and the law created an unacceptable level of danger to the life, person, rights and property of Respondent as well as that of the general public to a degree that is shocking to the conscience.

As Trooper Porch lacked any actual articulable facts and evidence that i, a man was actually engaged in "transportation" at the time of the warrantless seizure and arrest of i, a man, and never made any attempt whatsoever to investigate into this necessary and mandatory element of subject matter jurisdiction relating to the alleged offense, there was no legal basis creating a foundation for articulable probable cause that would serve to support Trooper Porch's warrantless seizure and arrest. Therefore, the warrantless seizure and arrest of i, a man, by Trooper Porch was completely unlawful and illegal and was not based upon any probable cause supporting subject matter jurisdiction.

I, say hear, and will verify in open Court that all herein be true.

Thomas Frederick: Rogers
June 29, 2017

'Federal Court'
at
'District Court of the united States
for New Jersey'

**i, a man;**
*prosecutor*
_____

State of New Jersey; Man with NJ State Trooper
ID 7789
*Wrongdoer(s)*

2:16-cv-08870-JMV-JBC

Notice: lack of due process
**(verified)**

## notice:  lack of due process

The *Rogers Court* presents notice:

It is an uncontested fact that to date i, a man, has not been served with a proper complaint stating all the facts of the case against me at the municipal court;

It is an uncontested fact that to date i, a man, has not been served with the sworn statement of probable cause in regards to this matter;

Without a complaint or sworn statement of probable by James Porch there is no controversy for my property to have been unlawfully seized, nor for me to be forced to answer three unsigned appearance tickets.

It is a fact that i have demanded proper due process from the Township of West Amwell.  The demand has been ignored and instead i, a man, is being extorted to give up my rights and property by the men and woman of the West Amwell Municipal Court through the Motor Vehicle Commission.  (see exhibit A)

It is therefore the belief of i, a man, that these documents do not exist and therefore James Porch has acted on his own outside of all jurisdiction and the men and woman of the West Amwell Municipal Court are doing the same.

I, say hear,  and will verify in open Court that all herein be true.

*Thomas Frederick: Roger*
*June 29, 2017*

*Exhibit A*

 Gmail

Tom Rogers <tfrogerslaw@gmail.com>

---

## E16 616, E16 617, E16 618

**Tom Rogers** <tfrogerslaw@gmail.com>
To: Mary Hoagland <Mary.Hoagland1@njcourts.gov>

Tue, May 30, 2017 at 8:00 AM

Greetings Mary,

I hope your holiday weekend was enjoyable.

Please forward the attachment to Philip Faherty, III.  A hard copy will be sent via first class mail today.

Godspeed
Thomas Rogers
[Quoted text hidden]

---

📎 **Discovery.pdf**
   69K



**i, a man, a Creation of God**
Thomas F. Rogers
77 Sanders Road, Rockaway, new jersey state
(862) 209-1350
TFRogersLaw@gmail.com

May 30, 2017

Philip J. Faherty, III
Man acting as Municipal Prosecutor
150 Rocktown Lambertville Road
Lambertville, NJ  08530

### RE:  Traffic Tickets E16 000616, E16 000617, E16 000618

Greetings Philip,

I require at this time that you supply me with all discovery,
evidences, and warrants that will be used against me during
trial.  I require the dash cam and audio footage to be included.

I also require proof of jurisdiction.  As I have stated
previously, I am a man who lives on the land of one of the
Several States of the Union.  I am not a U.S. citizen.  This
fact has been verified by the United States Department of State.
All of my rights are reserved.

Godspeed,

Thomas F Rogan

CC: Email via Mary Hoagland.



*Exhibit 9*

**Motor Vehicle Commission**

STATE OF NEW JERSEY
MOTOR VEHICLE COMMISSION
225 EAST STATE STREET
TRENTON, NEW JERSEY 08666
(609)292-7500

## SCHEDULED SUSPENSION NOTICE

THOMAS    F ROGERS
77 SANDERS RD                              **D.L. NUMBER      R6145 74066 11772**
ROCKAWAY        NJ 07866-2015
llll...l...ll.l.l..ll...ll....l.lll......ll.l.l.l...ll...l...lll

Your New Jersey driving privilege is
scheduled to be suspended as of 08/11/2017 indefinitely.

By authority of NJSA 39:5-30, the Motor Vehicle Commission (MVC) has
scheduled the suspension of your New Jersey driving privilege because you
failed to answer summons(es) in the following court or foreign state:

CT NAME: WEST AMWELL MUNICIPAL COURT CITY: LAMBERTVILLE    ST: NJ   ZIP: 08530
150 ROCKTOWN

For summons related information, refer to the back of this notice.

Contact the court for information on how to satisfy the summons(es) and
obtain court receipts for proof of payment.

The receipt(s) must indicate the name of the court, the summons number(s),
the court docket number(s), the date(s) of the violation(s), and the date
the summons(es) were satisfied. If this information is not shown on the
receipt(s), Motor Vehicle Commission cannot accept the receipt(s) as proof
that you paid the summons(es).

Receipt that the summons(es) is satisfied must be received before the
suspension date or your New Jersey driving privilege will be suspended and
you will have to pay a $100 restoration fee.

WOREMT (R 05/10)                    *Please visit us at www.njmvc.gov*          Raymond P. Martinez, Chief Administrator

SUMMONS NUMBER DETAILS OF   THOMAS      F ROGERS      D.L.NUMBER: R6145 74066 11772

| DATE | DESCRIPTION | SUMMONS NO. | DOCKET NO. |
|------|-------------|-------------|------------|
| 11/26/2016 | FAILURE TO APPEAR | E16000616 | 000002511 |
| 11/26/2016 | FAILURE TO APPEAR | E16000617 | NOT AVAIL |
| 11/26/2016 | FAILURE TO APPEAR | E16000618 | NOT AVAIL |