NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS ROGERS,<br><br>    *Plaintiff*,<br><br>v.<br><br>STATE OF NEW JERSEY and MAN WITH NJ STATE TROOPER ID 7789,<br><br>    *Defendants*. | Civil Action No. 16-08870<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

### I. INTRODUCTION

This matter comes before the Court on Defendants the State of New Jersey and "Man" with NJ State Trooper ID 7789's (collectively "Defendants") motion to dismiss for failure to state a claim. The Court reviewed all submissions made in support and in opposition to the motion, and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Defendants' motion is granted.

### II. FACTS AND PROCEDURAL HISTORY

*Pro se* Plaintiff's one-page Complaint[1] alleges that Defendants "made false claims . . . against [him] and took [his] property," which Plaintiff identifies as a 2004 Chevrolet Malibu.

---

[1] Some of the allegations in the Complaint are not entirely clear to the Court. For instance, Plaintiff pleads that he is "an American State National by birthright," but that he is "not now nor was [he] ever a federal citizen subject to the jurisdiction of the 'United States.'" Compl. Plaintiff also states that "the causal agent comes by bills of attainder and theft of property." *Id.*

Compl. (D.E. 1). Plaintiff alleges that these "false claims did and do harm and injury to [his] good name, freedom, and property." *Id.* Plaintiff requests "the immediate return of [his] property" and "compensation in the amount of $250,000." *Id.* Plaintiff also requests "a permanent restraining order against the State of New Jersey and any man or woman holding office under the United States from further interference with [his] rights." *Id.*

Defendants filed the current motion to dismiss, arguing that Plaintiff failed to plausibly plead a cognizable cause of action. D.E. 20. Plaintiff opposed the motion. D.E. 23. Plaintiff's opposition, however, does not substantively address Defendants' motion.

### III.   LAW AND ANALYSIS

According to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a complaint when it fails "to state a claim upon which relief can be granted." In analyzing a motion to dismiss under Rule 12(b)(6), the court will "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. While not a "probability requirement," plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). Additionally, a court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Here, Plaintiff's Complaint does not plausibly plead a cause of action. Plaintiff does not identify the legal theory or theories under which he is proceeding. To this end, the Court is unable to ascertain whether Plaintiff plausibly pleads the elements necessary to state a claim. Although it appears that a police officer filed a complaint against Plaintiff and that Plaintiff's car was taken from him, it is not clear how these actions violated Plaintiff's rights. Moreover, Plaintiff does not plead the underlying facts describing how these events took place. For these reasons, the Complaint fails to plausibly state a claim.[2]

---

[2] Although not raised by Defendants, the Court notes that Plaintiff does not specify the basis for the Court's subject matter jurisdiction. *See Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (stating that "the court can raise *sua sponte* subject-matter jurisdiction concerns"). If Plaintiff files an amended complaint, he must indicate why this Court may properly exercise jurisdiction over the causes of action alleged.

3

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion is granted. The Complaint is dismissed without prejudice. Within forty-five days of this Opinion, Plaintiff may file an amended complaint addressing the deficiencies noted herein.[3] If Plaintiff does not file an amended complaint within that time, this case will be dismissed with prejudice, which means that Plaintiff will not be able to sue Defendants in the future for the conduct complained of in Plaintiff's Complaint. An appropriate Order accompanies this Opinion.

Dated: July 18, 2017

_____
John Michael Vazquez, U.S.D.J.

---

[3] If Plaintiff files an amended complaint it shall comport with Local Civil Rule 15.1, which effective May 10, 2017, states that:

> a party who files an amended pleading in response to an Order authorizing the filing of that pleading to cure a defect in its pleading shall file:
> (1) a copy of the amended pleading, complete with a handwritten or electronic signature;
> and
> (2) a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading that it amends, by bracketing or striking through materials to be deleted and underlining materials to be added.