```
CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 112
Trenton, NJ 08625-0112
Attorney for Defendants Trooper James Porch and the State of New
Jersey

By:  Kevin J. Dronson
     Deputy Attorney General
     (609) 633-8687
```

                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                        VICINAGE OF NEWARK

| | | |
|---|---|---|
| THOMAS ROGERS, | : | CIVIL ACTION NO. 16-cv-08870 (JMV-JBC) |
| | : | |
| Plaintiff, | : | **DEFENDANTS, THE STATE OF NEW JERSEY AND TROOPER JAMES PORCH'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)** |
| v. | : | |
| STATE OF NEW JERSEY, et al. | : | |
| Defendants. | : | |

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff, a self-described "American State National", has brought this action in apparent connection with a November 26, 2016 motor vehicle stop conducted by Defendant Trooper James Porch of the New Jersey State Police. From what can be gleaned from Plaintiff's Amended Complaint, this matter essentially relates to the issuance of three traffic citations and the impoundment of Plaintiff's vehicle.

Specifically, Plaintiff's Amended Complaint alleges that at approximately 10:30 p.m. on November 26, 2016, he was "moving across the planet using [his] property to pick up [his] wife and children in Pennsylvania" when he was stopped by Defendant, New Jersey State Trooper James Porch. See Pl's Notice: Statement of Facts. Based upon Plaintiff's submissions, it appears that upon determining that Plaintiff was operating an unregistered motor vehicle, Trooper Porch impounded the vehicle, and ordered Plaintiff out of the car. Defendant Porch then pat-searched Plaintiff prior to placing him into the Troop car and transporting him to a nearby Quik Check. Id. Upon arrival at the Quick Chek, Defendant Porch informed Plaintiff that his vehicle would be returned once Plaintiff demonstrated that the "property was compliant with the law and [he] paid the towing and storage fees. Id. Additionally, Plaintiff was issued summonses for driving or parking an unregistered motor vehicle, failing to possess a registration, and failure to wear a seat belt.

Plaintiff originally initiated this action on November 28, 2016, and service of process was effectuated on Defendants on December 15, 2016. On January 10, 2017, Defendants filed a Motion for an Extension of Time to File their Answer, with said motion being granted on January 11, 2017. On January 18, 2017, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff had failed to provide any specific

factual allegations as to either the Defendants or the circumstances of the alleged incident precipitating this action.

Defendants' motion to dismiss was granted on July 18, 2017, and Plaintiff was given 45 days to amend his Complaint. Plaintiff subsequently filed his Amended Complaint on August 1, 2017, alleging therein violations of the Fourth, Fifth, and Eighth Amendments to the United States Constitution, as well as "kidnapping", "involuntary servitude", and "extortion". See Pl.'s Notice: Statement of Beliefs.  Defendants now move to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), as neither the State of New Jersey nor Trooper Porch, in his official capacity, are "persons" subject to suit under 42 U.S.C. § 1983, and are additionally entitled to immunity under the Eleventh Amendment to the United States Constitution. Further, Plaintiff's Amended Complaint fails to describe any conduct that rises to the level of a constitutional violation or tortious act.

## **STANDARD OF REVIEW**

There are two working principles underlying the motion to dismiss standard. First, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Rather, to be "entitled to the assumption of truth,"

3

legal conclusions "must be supported by factual allegations." Id. at 1950. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Determining whether a claim for relief is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, supra, 129 S. Ct. at 1950. A claim is plausible when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

This standard is not a probability requirement, but it "asks for more than a sheer possibility that a defendant has acted unlawfully." Ibid. In other words, a complaint that pleads facts "merely consistent with a defendant's liability" raises the possibility that the defendant is liable for the alleged misconduct, but "stops short of the line" of plausibility required for entitlement to relief. Ibid. When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." Ibid. (citing Fed. R. Civ. P. 8(a)(2)) (quotations omitted)(brackets omitted).

**ARGUMENT**

**POINT I**

**PLAINTIFF'S CLAIMS BROUGHT PURSUANT TO 42 U.S.C. § 1983 AGAINST THE NEW JERSEY STATE POLICE AND TROOPER PORCH IN HIS OFFICIAL CAPACITY MUST BE DISMISSED BECAUSE SAID PARTIES ARE NOT "PERSONS" AMENABLE TO SUIT, AND ARE AFFORDED IMMUNITY UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

A. **The New Jersey State Police and Trooper Porch, in his Official Capacity, Are Not "Persons" Amenable to Suit Under 42 U.S.C. § 1983 and Therefore Must Be Dismissed from the Amended Complaint.**

Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

To face liability under § 1983, a defendant must meet the statute's definition of a "person." The United States Supreme Court has held that neither a State, nor an arm of the State, nor an official of the State acting in his or her official capacity, meet that definition. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); see Bernstein v. State, 411 N.J. Super. 316, 336 (App. Div. 2010). As

the Court found, although State officials "literally are persons," an official-capacity claim "is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself." Will, supra, 491 U.S. at 58. The Court also recognized that Congress, in enacting § 1983, did not intend to override well-established common law immunities or defenses, namely that of a State not to be sued without its consent. See ibid.

In the instant matter, Plaintiff has brought constitutional claims pursuant to 42 U.S.C. § 1983 against the New Jersey State Police and Trooper Porch, in what appears to be both his official and individual capacities. Here, the New Jersey State Police and Trooper Porch, in his official capacity, are arms of the state and, as such, are not "persons" amenable to suit under § 1983. As they have not consented to Plaintiff's suit for damages, Plaintiff's claims brought pursuant to § 1983 against the New Jersey State Police, as well as his official capacity claims against and Trooper Porch, must be dismissed with prejudice.

    **B.   Plaintiff's Claims Against the New Jersey State Police, as Well as His Official Capacity Claims Against Trooper Porch, Are Barred by the Eleventh Amendment.**

It is well-established that a federal cause of action cannot be maintained against either a state or an agency of that state. Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978); Meyer v. New Jersey, 46 F.2d 1252 (3rd Cir. 1972). The

6

prohibition against naming a state or a state agency as a party derives from the Eleventh Amendment, which provides:

> the judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of any foreign state.

[U.S. Const., Amend. XI.]

The amendment precludes federal jurisdiction over a state absent the state's consent to suit. Pennhurst State School and Hosp. v. Halderman, 465 U.S. 89, 99 (1984).

The immunity from suit extends to "agencies or Departments" of the state as well. Id. at 101-102; Alabama, supra, 438 U.S. at 781. The state is considered the real party in interest in two circumstances -- whenever "'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" College Savings Bank v. United States of America, 948 F. Supp. 400, 409 (D.N.J. 1996) (quoting Pennhurst, supra, 465 U.S. at 101 n. 11). A state's sovereign immunity can be invoked even where the suit is against a state agency, official or employee. Brady v. Michelin Reifenwerke, 613 F. Supp. 1076, 1080 (D. Miss. 1985).

The Eleventh Amendment prohibition of lawsuits for damages against the State in federal court also applies when a state official is sued for damages in his or her official capacity.

7

Kentucky v. Graham, 473 U.S. 159 (1985); McClary v. O'Hare, 786 F.2d 83 (2d Cir. 1986); Miller v. Rutgers, 619 F. Supp. 1386 (D.N.J. 1985).  While prospective relief may be sought against state officials acting in their official capacity, a monetary award indistinguishable from one against the state itself is prohibited by the Eleventh Amendment even when a suit is filed against nominal state officials.  Miller, supra, 619 F. Supp. at 1392-93.

In the instant matter, Moving Defendants have not consented to suit in Federal Court. Therefore, Plaintiff's claims against the New Jersey State Police and Trooper Porch, in his official capacity, must be dismissed in accordance with said Defendants' entitlement to Eleventh Amendment immunity from suit.

### POINT II

**DEFENDANTS ARE ENTITLED TO DISMISSAL AS PLAINTIFF HAS FAILED TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS**

As previously noted, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to state a claim. Iqbal, 129 S.Ct. at 1949 (2009). Indeed, in order to state a claim for relief, there must be sufficient factual matter pled so as to permit a reasonable inference of liability. Id. Moreover, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id.; see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

At the outset, Plaintiff's Amended Complaint does not appear to contain **any** specific factual allegations against the State of New Jersey, and fails to apprise Defendants as to the basis of his claims against the State. Additionally, even if taken as true, Plaintiff's allegations against Defendant Porch fail to rise to the level of constitutional violations or tortious acts. Although Plaintiff attempts to employ Sovereign Citizen legal theory and semantics to challenge the basis for Defendant Porch's actions, Plaintiff's own description of the events portray a lawful traffic stop and impoundment.

Specifically, from what can be gleaned from Plaintiff's Amended Complaint and related attachments, Plaintiff was stopped by Defendant Porch in connection with the former's operating an unregistered vehicle. During the course of the motor vehicle stop, Plaintiff was asked for his driver's license, and was ultimately asked to exit his vehicle once it was determined that impoundment was necessary. Prior to his being placed into Defendant Porch's Troop car, Plaintiff was pat-searched as a routine safety measure, and was then driven to a local Quick Chek where he was instructed to call someone to obtain transportation. There is no indication that Plaintiff was handcuffed or placed under arrest at any point during the stop, and aside from his personal beliefs as to the definition of "transportation", he appears unable to dispute that his vehicle was not registered.

9

Nowhere in Plaintiff's Amended Complaint does Plaintiff provide any cognizable basis for his Fourth, Fifth, or Eighth Amendment claims, and Plaintiff has failed to set forth any legitimate basis for his contentions that Trooper Porch's actions in any way violated his rights. Moreover, the remainder of Plaintiff's claims against the Defendants do not appear to be recognized causes of action. As a corollary, Plaintiff's Amended Complaint must be dismissed.

### **CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), should be granted.

Respectfully submitted,

CHRISTOPHER S. PORRINO
ATTORNEY GENERAL OF NEW JERSEY

By: */s/ Kevin J. Dronson*
    Kevin J. Dronson
    Deputy Attorney General

DATED: August 30, 2017