**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>

THOMAS ROGERS,

    *Plaintiff,*

v.

STATE OF NEW JERSEY and MAN WITH NJ
STATE TROOPER ID 7789,

    *Defendants.*

</td><td>

Civil Action No. 16-8870 (JMV) (JBC)

**OPINION & ORDER**

</td></tr>
</table>

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on the motion of Defendants the State of New Jersey and New Jersey State Trooper James Porch (collectively "Defendants") to dismiss Plaintiff's Amended Complaint. D.E. 41. Defendants move to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court reviewed submissions made in support of the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, the Defendants' motion is **GRANTED**.

### I.    Facts & Procedural History

The following facts are taken from Plaintiff's Amended Complaint. D.E. 37 ("Amended Complaint" or "Am. Compl."). On November 26, 2016, Plaintiff was driving "across the planet" to pick up his wife and children from Pennsylvania when Defendant Porch stopped him. Am. Compl. at pg. 37. Plaintiff was "ordered out of" the car, and Porch performed a pat down search. *Id.* Plaintiff alleges two other state troopers were also present. *Id.* During the search, Plaintiff

alleges Porch "felt around my waist and then reached between my legs grabbing my genitals."
*Id.* at pg. 38. After the search, Porch drove Plaintiff to a Quick Chek and instructed him to call
someone to come pick him up. *Id.* Porch told Plaintiff his car would be returned when Plaintiff
could prove that it was "compliant with the law and [Plaintiff had] paid the towing and storage
fees." *Id.* Plaintiff states that he has not yet recovered his car, but that Porch gave him "three
unsigned appearance tickets." *Id.* Plaintiff attached a "Scheduled Suspension Notice" to the
Amended Complaint, which states that as of August 11, 2017, Plaintiff's "driving privilege [was]
scheduled to be suspended . . . indefinitely." *See* Exhibit M to Am. Compl. The suspension
notice states that Plaintiff failed to answer a summons dated November 26, 2016. *Id.* at pg. 2.

Plaintiff's Amended Complaint lists a number of constitutional violations in connection
with the traffic stop, including violations of his Fourth, Fifth, and Eighth Amendment rights.
Am. Compl. at pg. 49-51. Plaintiff also appears to make a number of common law claims,
including extortion, "highway" robbery, kidnapping, trespassing, and sexual assault, but he also
claims that the officer's actions were done to destroy Plaintiff's nationality and thus they also
qualify as "genocide." *Id.* at pg. 10, 51. Plaintiff demands that his car be returned, or, in the
alternative, $255,000 per day in damages for each day he is without his car. *Id.* at pg. 55.

Plaintiff filed his initial Complaint on November 28, 2016. D.E. 1. Defendants moved to
dismiss on January 18, 2017, and the Court granted the motion on July 18, 2017. D.E. 35, 36.
The Court dismissed the Complaint without prejudice, allowing Plaintiff to file an amended
complaint within forty-five days. D.E. 36. Plaintiff did so on August 1, 2017. D.E. 37.

Defendants filed the instant motion to dismiss on August 20, 2017. D.E. 41. Plaintiff filed his opposition on September 12, 2017. D.E. 42. Defendants did not file a reply.[1]

## II. Standard of Review

### a. 12(b)(1)[2]

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint because the court lacks subject matter jurisdiction. In deciding a Rule 12(b)(1) motion to dismiss, a court must first determine whether the party presents a facial or factual attack because that distinction determines how the pleading is reviewed. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Young v. United States*, 152 F. Supp. 3d 337, 345 (D.N.J. 2015). Here, Defendants assert the defense of sovereign immunity based on the pleadings, thereby raising a facial attack. *See Perez v. New Jersey*, 2015 WL 4394229, at *3 (D.N.J. July 15, 2015).

### b. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a complaint that fails to "state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[1] Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6), D.E. 41, referred to hereinafter as "Defendants' Brief" or "Def. Br."; Plaintiff's Notice: Response to Motion to Dismiss, D.E. 42, referred to hereinafter as "Opposition" or "Opp."

[2] Defendants bring their motion to dismiss under Fed. R. Civ. P. 12(b)(6), but they also raise an Eleventh Amendment immunity argument. If Defendants are immune from suit, the Court lacks federal subject matter jurisdiction, which makes a Rule 12(b)(1) analysis appropriate.

570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery

will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir.

2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and

legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements

of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of

truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however,

"must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.  Even if

plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do

not state "a legally cognizable cause of action."  *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148,

2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and

holds him to a less stringent standard than those filed by attorneys.  *Haines v. Kerner*, 404 U.S.

519, 520 (1972).  However, the "Court need not . . . credit a *pro se* plaintiff's 'bald assertions' or

'legal conclusions.'"  *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10,

2010).

## III.    Analysis

Defendants make two arguments in their motion to dismiss: first, that Plaintiff's claims

are barred, as both the State of New Jersey and Defendant Porch are immune from suit under the

Eleventh Amendment, and second, that Plaintiff fails to plausibly plead a claim for relief.  Def.

Br. at pg. 5-10. In his Opposition, Plaintiff does not address these arguments, but rather defines the words used by Defendants in their brief.[3]

States and "arms of the state" are entitled to sovereign immunity under the Eleventh Amendment. U.S. const. amend. XI; *Penhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). There are three exceptions to this rule: (i) where the state waives its immunity and consents to suit in federal court; (ii) where Congress has specifically abrogated the state's Eleventh Amendment immunity; and (iii) where suit is brought "against an individual state officer for prospective relief to end an ongoing violation of federal law." *See Kongtcheu v. Constable,* 2016 WL 270075, at *5 (D. N.J. Jan. 20, 2016). This protection also extends to state employees acting in their official capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65 (1989).

None of the three exceptions apply to the State of New Jersey, and thus the claims against the State are dismissed with prejudice. Plaintiff similarly fails in his Opposition to address Defendants' immunity argument as to Defendant Porch, except to say that "even if 'James:

---

[3] Although Plaintiff fails to state the legal basis for the alleged constitutional violations, the Court presumes he brings his constitutional violation claims against Defendants under 42 U.S.C. §1983. 42 U.S.C. § 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). In order to state a valid claim for relief under Section 1983, a plaintiff must first allege a violation of a right secured by the Constitution or laws of the United States and, second, a plaintiff must contend that the violation was caused or committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Porch' was functioning in an [sic] "quasi-official capacity" he is deemed to know the law and to be acting within the law." Opp. at pg. 4. Plaintiff appears to concede that his claims against Defendant Porch are for actions taken in his official capacity. Because Plaintiff has failed to argue which, if any, of the three exceptions to absolute immunity apply to Defendant Porch, the claims against him are likewise dismissed.[4]

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Normally, no matter how tenuous the claims, the Court would not dismiss with prejudice, particularly when a plaintiff is proceeding *pro se*. Here, the State of New Jersey is entitled to immunity and any attempted amendment would be futile. So, the State is dismissed with prejudice. Although the Court is doubtful that Plaintiff will be able to plead a viable claim as to Trooper Porch, the Court will give Plaintiff one additional opportunity file a second amended complaint as to Porch.

## IV. Conclusion

For the reasons set forth above, and for good cause shown,

**IT IS** on this 8th day of February, 2018,

---

[4] Because the Court is dismissing the claims on Eleventh Amendment immunity grounds, it need not reach the question of whether Plaintiff has plausibly pleads a cause of action. However, because Plaintiff is proceeding *pro se*, the Court nevertheless set forth the plausibility requirements concerning a motion to dismiss. If Plaintiff decides to file a second amended complaint, the complaint must plausibly set forth allegations showing that Plaintiff is entitled to relief. Plaintiff must also sufficiently plead all necessary elements of each cause of action that he asserts.

**ORDERED** that Defendants' motion to dismiss, D.E. 41, is **GRANTED**, and it is further

**ORDERED** that Plaintiff's Amended Complaint is dismissed with prejudice as to the State of New Jersey, and it is further

**ORDERED** that Plaintiff's Amended Complaint is dismissed without prejudice as to Trooper Porch. If he so chooses, Plaintiff has thirty (30) days in which to file a second amended complaint, consistent with this Opinion and Order, as to Trooper Porch. If Plaintiff fails to file a second amended complaint within thirty days, the matter as to Trooper Porch will be dismissed with prejudice. With prejudice means that Plaintiff will be precluded from bringing another case against Trooper Porch concerning the allegations in the Amended Complaint.

John Michael Vazquez, U.S.D.J.