**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS ROGERS, *Plaintiff*, v. STATE OF NEW JERSEY and MAN WITH NJ STATE TROOPER ID 7789, *Defendants*. | Civil Action No. 16-8870 (JMV) (JBC) **OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

On February 8, 2018, the Court granted Defendants' motion to dismiss Plaintiff's Complaint. D.E. 1, 48. The Court dismissed with prejudice the Complaint as to Defendant State of New Jersey, but dismissed without prejudice as to Defendant Trooper Porch. D.E. 48. The Court allowed Plaintiff thirty (30) days to file an Amended Complaint as to Trooper Porch, indicating that otherwise the matter would be dismissed with prejudice. D.E. 48. Plaintiff has failed to file an Amended Complaint as of the date of this Opinion and Order. Instead, he has filed four letters on the docket for this matter.

On February 14, 2018, Plaintiff filed what the Court interprets to be a motion to disqualify the undersigned. D.E. 49. Throughout, Plaintiff refers to himself as "The 'rogers court'" and orders that Judge Vazquez to recuse himself "for showing an appearance of partiality, an appearance of protecting 'the wrongdoers,' and usurpation of authority not granted to him." *Id.* at 1. Plaintiff complains that the Court has forced him to "represent the incorporated U.S. person against my will." *Id.* Plaintiff also states that the Court has "shown the

appearance of protecting the 'wrongdoers'" by "usurping the authority of the tribunal" and holding extra-judicial proceedings. Plaintiff does not specify what those proceedings are.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. §455(a). This includes situations in which he has a "personal bias or prejudice concerning a party." 28 U.S.C. §455(b)(1). The Third Circuit has described this standard as one where a "reasonable person would question [the] judge's impartiality." *In re Gochin*, 2018 WL 1391522, at *1 (3d Cir. Mar. 20, 2018). Plaintiff has failed to meet the standard for recusal. The Court has no bias against Plaintiff nor in favor of Trooper Porch. The State of New Jersey was dismissed pursuant to sovereign immunity under the Eleventh Amendment. Although the Court was doubtful that Plaintiff could properly plead allegations against Trooper Porch, it nevertheless permitted Plaintiff the opportunity to file an Amended Complaint. Plaintiff did not avail himself of the opportunity, although he filed the motion to recuse the undersigned well within the thirty-day timeframe allotted by the Court. Plaintiff's motion to recuse is denied.

On February 23, 2018, Plaintiff filed a "Solemn Recognition of Mixed War." D.E. 50. In this document, Plaintiff claims that the "men and women of the United States and its various corporate de facto agencies" have "repeatedly forced [him] to submit to their authority." On April 2, 2018, Plaintiff filed a "Correction of Record" to address his "Solemn Recognition of Mixed War." D.E. 51. The Court is unsure of what Plaintiff is asserting. Plaintiff appears to be claiming that he is not subject to the jurisdiction of the Court because he is a "sovereign citizen." Plaintiff, however, is the person who invoked the jurisdiction of the Court by filing the Complaint. Thus, Plaintiff has taken diametrically opposed positions: he has availed himself of the Court's jurisdiction by filing suit while at the same time claiming that he is not subject to the

jurisdiction of the Court. Not only is Plaintiff wrong in his assertion that he is not subject to the Court's jurisdiction, his "Solemn Recognition of Mixed War" does not reflect a cognizable cause of action or relief which the Court can grant.

On April 2, 2018, Plaintiff also filed a "Statement of Truth," D.E. 52, which reads:

> It is the belief of i that the only way the men and women of the U.S. District Court can alter my claim, ignore my paperwork, and act outside the law is if they are somehow representing me.
>
> Let me make myself clear. Any man or woman, attorney, clerk, judge, or otherwise who may think they are representing me is FIRED!!!

This submission requires little discussion. The Court does not represent Plaintiff nor has the Court ever indicated that it represents Plaintiff. Instead, the Court ruled on the pending motion to dismiss, which the Court is duty bound to perform.

Plaintiff has failed to file an Amended Complaint within the thirty (30) days allotted, and the subsequent filings to the Docket fail to address the deficiencies noted in the Court's February 8, 2018 Opinion and Order. D.E. 48. For the above reasons, and for good cause shown,

**IT IS** on this 4th day of April, 2018,

**ORDERED** that Plaintiff's motion for recusal, D.E. 49, is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is **DISMISSED** with prejudice; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of the Opinion and Order to Plaintiff by regular mail and certified mail return receipt.

**ORDERED** that the Clerk of the Court shall close this case.

_____
John Michael Vazquez, U.S.D.J.